KALMBACH–BURCKETT CO., Inc., v. HARDEMAN.*

No. 4634.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

Parsons & Colvin, of Mansfield, for appellant.

*Rehearing denied December 1, 1933.

Cook & Cook and C. D. Egan, all of Shreveport, for appellee.

DREW, Judge.

Plaintiff sued for the balance due on an open account in the amount of $121.65, with legal interest thereon from April 1, 1932, until paid, and produced a complete itemized account showing the full amount sold to defendant to have been $371.15, less payments at different intervals, amounting to $249.50, leaving the balance sued for.

Defendant answered, contesting only two items on the account, viz., 300 pounds of Korean Lespedeza seed, charged at $60.20, and one can of nitrogen inoculant, charged at $4.75. He alleged in reconvention that the seed were sold under the express and implied warranty of plaintiff that 98 per cent. of them would germinate and grow; that he planted the seed in accordance with approved agricultural practices and methods suggested by plaintiff; that the seed were impure and entirely lacking in germinating qualities, and that practically none of them germinated or grew, and that he is entitled to avoid or rescind the sale of said seed and to a reduction of the price charged therefor; that he was at an expense of $45 in preparing the soil and planting the seed, and $4.75, cost of inoculating the seed; that he lost the use of the land, and a fair rental value therefor is $60; and that all the expense and loss to defendant were due to the impure and defective seed, and he is entitled to offset said expense and damage against plaintiff's demands, and to recover the difference in reconvention.

On these issues the case was tried below, resulting in judgment for plaintiff in the amount sued for, and rejecting defendant's reconventional demand. Defendant has prosecuted this appeal.

Only questions of fact are involved, and we think the lower court correctly decided the case.

■ There was no express warranty of the seed, and the only implied warranty that could have been was that the seed were pure and would germinate and grow, if properly planted at the right time of the year.

The evidence clearly shows that the seed were not properly planted and the soil not properly prepared before planting. Furthermore, defendant started planting on March 2d and finished planting about March 8th. From March 8th to the 14th there was an unusually cold spell, the thermometer being around and below freezing during those days, and on one of the days went as low as 20 degrees. This alone would have been sufficient to destroy the seed, if they had germinated, even though they had been properly planted.

Plaintiff tested the seed in its plant before selling them, both in an electrical tester and in soil, and the seed were found to be pure. Other persons who bought from the same lot of seed and planted the latter part of March found the seed pure and the stand good. The only complaint from any one who bought and planted out of this lot of seed came from defendant, and his failure to get good results was due either or both to the manner in which he planted the seed and the cold spell that came soon thereafter.

■■ The defense is an affirmative one, and the burden of sustaining it was upon the defendant. He has failed to show that the seed were defective or impure by a preponderance of the evidence, and his defense therefore fails.

The judgment of the lower court is affirmed, with costs.